IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TRAEGER PELLET GRILLS, LLC, a Florida limited liability company, ) ) ) | Civil No.: 3:11-cv-01221-JE |
| Plaintiff, ) ) | FINDINGS AND RECOMMENDATION |
| v. ) ) | |
| DEADWOOD BIOFUELS, LLC, a South Dakota limited liability company, ) ) ) | |
| Defendant. ) ) | |

    John McGrory, Jr.
    Kaley Fendall
    Davis Wright Tremaine, LLP
    1300 SW Fifth Avenue, Suite 2300
    Portland, OR 97201

        Attorneys for Plaintiff

    Tracy Ashmore
    Robinson Waters & O'Dorisio, P.C.
    1099 18th Street, Suite 2600
    Denver, CO 80202

    Tanya O'Neil
    Gordon and Rees, LLP
    601 SW 2nd Avenue, Suite 2300
    Portland, OR 97204

        Attorneys for Defendant

FINDINGS AND RECOMMENDATION – 1

JELDERKS, Magistrate Judge:

      Plaintiff Traeger Pellet Grills, LLC ("Traeger") brings this action seeking a declaratory judgment against defendant Deadwood Biofuels, LLC ("Deadwood"). Traeger alleges that a controversy exists between the parties as to whether Traeger's distribution practices establish a "tie-in" in violation of the Sherman Act § 1 (15 U.S.C. § 1). Traeger seeks a declaration that its distribution practices do not constitute a tie-in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, or Section 3 of the Clayton Act, 15 U.S.C. § 14.

      Deadwood moves to dismiss for lack of personal jurisdiction.

      For the reasons set out below, the motion should be granted.

## Background

      Plaintiff Traeger is a Florida limited liability company with its principal place of business in Wilsonville, Oregon. Traeger designs, develops, manufactures, distributes and sells barbecue grills and the wood pellets used to fuel those grills.

      Defendant Deadwood is a South Dakota limited liability company with its principal place of business in Rapid City, South Dakota. Deadwood manufactures wood products for a number of purposes, including wood pellets for grills.

      Plaintiff Traeger asserts that between August 2010 and May 2011, Defendant Deadwood's then Director of Business Development, David Stearns, made several visits to businesses in Oregon to learn about the wood pellet market, explore sales opportunities within the state and seek advice on how Deadwood could improve its wood pellet manufacturing process. According to Stearns' Declaration, he visited Plaintiff Traeger's plant in Yoder, Oregon twice; twice visited MAK Grills, a wood pellet grill manufacturer in Dallas, Oregon; visited Oregon pellet manufacturer Bear Mountain Forest Products; and visited other Oregon companies

FINDINGS AND RECOMMENDATION – 2

in Oregon including a cherry wood chip manufacturer and a pellet grill outlet business.  In his declaration, Stearns states that he also had several telephone conversations and email exchanges with these Oregon businesses and that these contacts and visits were made on behalf of and in the ordinary course of business for Defendant Deadwood.

In September, 2011, Defendant Deadwood's counsel in Colorado sent a demand letter to Traeger's President, Traeger's Manager, and Traeger's registered agent, in Oregon.  The letter outlined Deadwood's concerns regarding certain communications Traeger had had with its dealers and messages posted on its website to consumers warning about the consequences of not using Traeger pellets in Traeger pellet grills.  Deadwood indicated that it viewed these practices as violations of the antitrust laws and asserted that it would initiate litigation if Traeger did not take specified steps.  Deadwood demanded that Traeger agree to "cease and desist from any and all practices which prevent dealers from selling [Deadwood's] pellets[.]"

In October, 2011, Traeger filed this action seeking a declaratory judgment that that its actions did not violate the "tie-in" provisions of the Sherman and Clayton Acts ( 15 U.S.C. § 1; 15 U.S.C. § 14).

### Discussion

A plaintiff bears the burden of establishing jurisdiction. Forsythe v. Overmeyer, 576 F.2d 779, 781 (9th Cir.1978).  Where, as here, the court considers a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff is required only to make a *prima facie* showing of jurisdictional facts in order to withstand the motion. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). This means that a plaintiff must only demonstrate facts that, if true, would support jurisdiction. Id.

FINDINGS AND RECOMMENDATION – 3

In determining whether it may exert jurisdiction over a non-consenting out-of-state defendant, a federal court must consider whether the forum state's long-arm statute permits the assertion of jurisdiction and whether the assertion of jurisdiction violates the defendant's federal constitutional due process rights. See Fireman's Fund Ins. co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir.1996). Under Or. R. Civ. P. 4L, Oregon courts may assert jurisdiction to the limits allowed by the Oregon and United States Constitutions. The question here is therefore whether the assertion of jurisdiction over Defendant comports with due process requirements. See Pacific Atlantic Trading Co., v. M/V Main Express, 758 F.2d 1325, 1327 (9th Cir. 1985).

The due process clause of the United States Constitution protects persons from being subject to the binding judgments of a forum with which they have established no meaningful contacts, ties, or relations. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citing International Shoe co. v. Washington, 326 U.S. 310, 319 (1945)). Jurisdiction is proper only where a defendant's conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court in that state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Personal jurisdiction may be either "general" or "specific." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990).

Plaintiff Traeger argues that Oregon has both general and specific jurisdiction over Defendant Deadwood. I address each of these contentions here, in turn.

I. **General Jurisdiction**

A. Standards

General jurisdiction exists where a nonresident defendant's contacts with the forum state are substantial or continuous and systematic. Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (overruled in part on other grounds by Yahoo! Inc. v. La

FINDINGS AND RECOMMENDATION – 4

Ligue Contre Le Racisme Et L'Antisemitisme, 433 F. 1199, 1207 (9th Cir. 2006)(en banc) cert. denied 547 U.S. 1163 (2006)).  This is an exacting standard and requires that the defendant's contacts are such that they "approximate physical presence" in the forum state.  Id.  The factors courts consider in determining whether general jurisdiction exists include: whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated in the forum state. Id.

B. Analysis

Defendant Deadwood does not rent or own real property in Oregon; has no offices, employees, statutory agents, telephone listings, mailing addresses, bank accounts, licenses or other operations in Oregon; is not subject to taxation in Oregon; and has not brought any lawsuits in the State of Oregon.  Defendant Deadwood's Manager, Randy Kramer, has submitted a Declaration asserting that Deadwood does not do business in or have any contracts with any parties residing in Oregon.

Plaintiff alleges that Defendant Deadwood's activities in Oregon consist of the series of visits and phone and email contacts Stearns made to suppliers and purchasers of wood pellets and wood pellet grills over a ten month period.  Plaintiff alleges that these visits were made for the purposes of soliciting business and gaining business advice from these companies.  As noted above, two of Stearns' visits were to Plaintiff's plant in Yoder, Oregon.  Plaintiff argues that these contacts are sufficient to support general jurisdiction.

I disagree.  The fact that Defendant's Director of Business Development made occasional visits to Oregon to explore sales opportunities is insufficient to establish general jurisdiction. The Ninth Circuit has found that general jurisdiction does not exist even in situations where a defendant's contacts have been considerably more substantial than those asserted here.  See, e.g., Bancroft, 223 F.3d at 1086 (finding no general jurisdiction where defendant made occasional

FINDINGS AND RECOMMENDATION – 5

sales to forum's residents and had license agreements with vendors and television networks in the forum state). In addition, the Ninth Circuit has explicitly held that "[m]arketing to forum residents, at least where such marketing does not result in substantial and continuous commerce with the forum, does not support general jurisdiction." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1075 (9th Cir. 2011).

Defendant Deadwood asserts, and Plaintiff does not dispute, that it does no business in the state of Oregon. Based on the contacts that Plaintiff has alleged, I conclude that Defendant Deadwood's Oregon activities are not "substantial or continuous and systematic" and that this court, therefore, lacks general jurisdiction over Defendant.

## II. Specific Jurisdiction

### A. Standards

Specific personal jurisdiction, which may exist in the absence of substantial contacts, depends on the nature and quality of a defendant's contacts with the forum state in relation to the cause of action asserted. See Yahoo!, 433 F.3d at 1205. "Specific" jurisdiction is analyzed according to a three-prong test. Id. Under this analysis, for specific jurisdiction to exist:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 1205-1206, (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.2004)(citations omitted)).

While the first prong of the Ninth Circuit's test for specific jurisdiction is often referred to as the "purposeful availment" prong, this prong includes both purposeful availment and purposeful direction. Yahoo!, 433 F. 3d at 1206. The type of claim asserted determines whether the prong must be satisfied "by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." Contract claims most typically apply the first method and tort claims most typically apply the second. Id.

Plaintiff Traeger seeks a declaratory judgment that its distribution practices do not violate the "tie-in" provisions of the Sherman and Clayton Acts. This cause of action is, thus, more analogous to a tort claim. Therefore, I conclude that it is appropriately analyzed within the "purposeful direction" framework. See Bancroft, 223 F.3d at 1087 (applying purposeful direction analysis in a trademark infringement declaratory judgment action); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998) (applying purposeful direction analysis in a trademark infringement and unfair competition case because it was "akin" to a tort case).

In analyzing purposeful direction cases, the Ninth Circuit applies an "effects test" derived from the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984). This test is satisfied if the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

The second requirement for specific jurisdiction – that the claim asserted arises out of or relates to defendant's forum-related activities – is satisfied if the plaintiff would not have been injured "but for" the defendant's conduct directed toward the plaintiff in the forum. Ballard v. Savage, 65 F. 3d 1495, 1500 (9th Cir. 1995).

FINDINGS AND RECOMMENDATION – 7

The final requirement for specific jurisdiction is that the exercise of jurisdiction is reasonable.  If a plaintiff establishes the first prong of the specific jurisdiction test, the exercise of jurisdiction is presumptively reasonable and the third prong transfers the burden to the defendant, who must present a compelling case to demonstrate that jurisdiction is unreasonable.  Roth v. Garcia Marquez, 942 F.2d 617, 625 (9th Cir. 1991)(citations omitted).

B.  Analysis.

Plaintiff Traeger asserts that the contacts discussed above support a finding that this court has specific jurisdiction over Defendant Deadwood.  Plaintiff argues that Stearns' attempts to solicit business for Deadwood during visits to Oregon and his email and telephone communications with businesses in Oregon demonstrate that the Defendant purposefully directed its activities toward the forum state.  It also argues that Defendant Deadwood's demand letter is additional evidence of "purposeful direction."  Plaintiff further argues that its claim for declaratory relief relates directly to Defendant Deadwood's Oregon activities.

Plaintiff's arguments fail for a number of reasons.  First, neither Defendant's letter to Traeger in Oregon nor the occasional visits of its representative to Oregon satisfy Calder's "effects test."  While Stearns' efforts may have been intentionally directed toward Oregon, there is no evidence that his actions caused harm that Deadwood knew would likely be suffered in this state.  See Dole, 303 F. 3d at 1111(third prong of effects test satisfied where defendant "caus[es] harm that the defendant knows is likely to be suffered in the forum state.").  Plaintiff correctly concedes that the demand letter alone is insufficient to establish jurisdiction.  See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998) (stating that cease and desist letters alone do not suffice to justify personal jurisdiction).  In the absence of other contacts that would support specific jurisdiction here, under the circumstances of this

FINDINGS AND RECOMMENDATION – 8

action, the demand letter is insufficient to support a conclusion that this court may assert jurisdiction over Defendant Deadwood.

Second, Plaintiff has failed to make a prima facie showing that it would not have been injured "but for" Defendant Deadwood's conduct directed at Plaintiff in Oregon. Plaintiff argues that Defendant Deadwood's threat to sue was based on its attempts to solicit and develop business in Oregon that were allegedly "thwarted" by Plaintiff's anticompetitive distribution practices. However, Plaintiff has produced no evidence its declaratory judgment action "arises out of" these visits or that Defendant Deadwood's letter was prompted by a failure to make sales in Oregon. Other than being addressed to Plaintiff and Plaintiff's registered agent in Oregon, Defendant Deadwood's demand letter does not make any mention of Oregon. Plaintiff Traeger has not made a prima facie showing that any alleged injury it suffered arose out of or was related to Defendant Deadwood's visits to Oregon and, as noted above, any alleged injury arising solely out of the demand letter is insufficient to support personal jurisdiction. See Id.

Finally, the third prong of the specific jurisdiction analysis requires that the assertion of personal jurisdiction "comport with fair play and substantial justice, i.e. it must be reasonable." Yahoo!, 433 F. 3d at 1205-1206. Having concluded that Plaintiff has failed to establish the first or second prongs of the specific jurisdiction analysis, I need not reach the issue of reasonableness. However, I am satisfied that where, as here, the nonresident defendant to a declaratory judgment action is, in fact, the alleged victim of antitrust violations in the underlying cause, "haling" that party into court on the basis of a single demand letter and a representative's brief series of visits to the forum unrelated to the cause of action would not satisfy the requirement that the assertion of persona jurisdiction be "reasonable."

Plaintiff Traeger has failed to make the requisite prima facie showing that this court has either general or specific personal jurisdiction over Defendant Deadwood.

FINDINGS AND RECOMMENDATION – 9

## Conclusion

Defendant Deadwood's motion to dismiss (#9) should be GRANTED.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due, July 9, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 21st day of June, 2012.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 10