IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TRAEGER PELLET GRILLS, LLC, a
Florida limited liability company,

                Plaintiff,                No. 3:11-cv-1221-JE

      v.

DEADWOOD BIOFUELS, LLC, a          ORDER
South Dakota limited liability company,

                Defendant.

HERNANDEZ, District Judge:

      Magistrate Judge Jelderks issued a Findings and Recommendation (#27) on June 21,

2012, in which he recommends the Court grant defendant's motion to dismiss for lack of personal

jurisdiction.

      Plaintiff has timely filed objections to the Findings and Recommendation.  The matter is

now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered plaintiff's objections and conclude that there is no basis to modify the Findings and Recommendation.  I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings and Recommendation.

Plaintiff first argues that two specific subsections of Oregon Rule of Civil Procedure 4 dispose of the personal jurisdiction issue.  I disagree.  Even if the facts supported a determination that Rule 4C or Rule 4D applied here, the Ninth Circuit has made clear that such a determination does not, contrary to plaintiff's argument, obviate the due process analysis.  <u>Gray & Co. v. Firstenberg Mach. Co.</u>, 913 F.2d 758, 760 n.1 (9th Cir. 1990) (rejecting argument that because the defendant's actions fell into one of the "specially defined" categories of Oregon Rule of Civil Procedure 4, the court could dispense with the due process analysis; "[t]he courts, not the state legislature, must ultimately decide whether the requirements of due process have been met in a particular case.").  Thus, because the particular subsections do not alone confer personal jurisdiction, courts proceed directly to the due process analysis, as Judge Jelderks did here.

Next, while plaintiff agrees that the sending of a demand letter cannot be the basis for the exercise of personal jurisdiction, plaintiff contends that Stearns's August 2010 - May 2011 contacts with Oregon, considered <u>with</u> the demand letter, establish specific jurisdiction.  Plaintiff argues that Stearns's contacts are related to the September 2011 demand letter because of what plaintiff contends is a reasonable inference that Stearns's failure to secure business in Oregon for

2 - ORDER

defendant led defendant to threaten plaintiff in the letter.

Plaintiff's inference is not reasonable based on the record. Although it is unclear how many times Stearns actually traveled to Oregon as an employee of defendant, it is undisputed that he was in the state, and had email and telephone contact with plaintiff and other related businesses in Oregon, during a nine-month period ending sometime in May 2011. It is also undisputed that he had two purposes for his visit to plaintiff particularly: (1) to inquire if defendant could manufacture grill pellets for plaintiff; and (2) to seek advice as to how defendant could improve its own pellet manufacturing process.

The demand letter, sent approximately four months after Stearns's contacts with Oregon ended, cites a message to consumers on plaintiff's website and a May 17, 2011 email plaintiff sent to its retailers, as alleged anti-competitive actions. Defendant also cited to alleged personal visits by plaintiff's employees to dealers to allegedly warn dealers not to stock or sell competing pellets.

While I accept as true plaintiff's representation that "Stearns's efforts to partner with Oregon businesses proved unsuccessful[,]" Pl.'s Mem. in Supp. of Objs. at 3, it is not reasonable to infer that these unsuccessful efforts led to the demand letter. With one possible exception, Stearns's contacts were with manufacturers of wood pellets or grills. The only contact that may not have been at the manufacturing level was a visit, the purpose of which is not expressly disclosed in Stearns's Declaration, that he visited a "Pellet Grill Outlet business" in West Linn.

In contrast, the demand letter addresses the alleged anti-competitive conduct that plaintiff allegedly requires at the retail level and the conditions plaintiff places on those who retail plaintiff's products. Nothing in the record indicates that the message to consumers on plaintiff's

3 - ORDER

website, plaintiff's May 2011 email to its retailers, or plaintiff's visits to its dealers, are related to any of the manufacturer-to-manufacturer contacts that Stearns made several months to more than one year before the demand letter was sent.

While Stearns's overtures may not have resulted in a collaboration between defendant and any Oregon business and thus, in some way may have affected defendant's business, the allegations in the demand letter are specifically directed to the losses at the retail level allegedly suffered by defendant in competing with plaintiff for retail purchasers of grill pellets.  The fact that Stearns's Oregon trips and the actions at issue in the demand letter both potentially had or have an effect on defendant's business is not enough to conclude that Stearns's unsuccessful efforts during his trip(s) to Oregon caused defendant to send the demand letter.

Plaintiff additionally contends that the lawsuit defendant filed against plaintiff in Colorado on June 27, 2012, is relevant to the determination of jurisdiction.  But, "[o]nly contacts occurring prior to the event causing the litigation may be considered" in assessing personal jurisdiction.  Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990); Steel v. United States, 813 F.2d 1545, 1549 (9th Cir.1987) ("courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction").  Because the Colorado action was filed after the filing of the instant case, the Colorado filing cannot possibly be an act occurring before "the event causing the [Oregon] litigation."  Thus, I do not consider it.

Finally, even if plaintiff could establish the first two elements of the specific jurisdiction test (purposeful availment and the claim arising out of or related to defendant's forum-related activities), I agree with Judge Jelderks, for the reasons he explained, that the exercise of personal

jurisdiction over defendant in this case would be unreasonable.

CONCLUSION

The Court ADOPTS Magistrate Judge Jelderks's Findings and Recommendation [27] and

therefore defendant's motion to dismiss [9] is granted.

IT IS SO ORDERED.

DATED this _____ day of _____, 2012.

_____
MARCO A. HERNANDEZ
United States District Judge

5 - ORDER